WILLIAM R. RUST ET AL., APPELLANTS, v. D. W. STRICK-LAND, APPELLEE.

1. SPECIFIC PERFORMANCE UPON ACCOUNTING.—A plaintiff may maintain an action to compel a conveyance of an interest in mining property under the following circumstances, although he has not fully complied with the contract made with the defendant and relied on for the conveyance: Other similar contracts existed between the parties;—the plaintiff had paid money to the defendant when he called for it; there had been no settlement of their accounts, and whether the contract sued on was fully performed depended on the defendant's application of the moneys paid;—plaintiffs prayed for an accounting, and offered, in case any balance was found to be due the defendant to pay the same.

2. WHEN OFFER TO PAY REGARDED AS PERFORMANCE.—Under the rule, that when an accounting is necessary to determine the rights of litigants, and an offer is made by one to pay what, if anything, may be due the other, the offer is regarded as performance; the plaintiff was entitled to a specific performance of the contract upon payment of the balance found to be due thereon, it appearing that the state of the accounts between the parties was peculiarly within the knowledge of the defendant, and that it was in his power to claim a forfeiture of the contract by the election which he might exercise in the application of the funds paid him by the plaintiff.

*Appeal from District Court of Pitkin County.*

Messrs. WILSON & STIMSON and Mr. L. S. SMITH, for appellants.

Mr. WILLIAM O'BRIEN and Mr. A. HEIMS, for appellee.

Reed, J. This was a suit in equity brought by the appellee to compel the conveyance of a certain interest in mining property alleged to be the property of appellee, by reason of having complied with the requirements of a contract entered into between the appellee and Millner, one of appellants. The only errors assigned are:

First. "The judgment and decree of the district court is contrary to the evidence."

Second. "The decree should have been for appellants, dismissing the plaintiff's complaint."

Third. (Subsequently assigned by stipulation of parties.) "That the judgment and decree of the district court is contrary to law."

A decree was entered for the plaintiff, (appellee,) ordering a conveyance of the interest claimed upon payment to appellant, Millner, by appellee of the sum of $60.55, within a given time.

The decree cannot be said to be contrary to law or to violate any principles of equity. It is true, as ably contended by counsel, that the right to a conveyance of the interest depended upon full compliance with the contract, and that it was found by the court that there was a balance of $60.55 unpaid. By this finding it was found that there had not been full compliance. The evidence shows the same parties had similar contracts in regard to other properties, and that money was called for by and paid to Millner without specifying or designating in which particular matter it was to be used. The question whether or not the amount on this property had been fully paid, depended upon the application of the money by Millner. It appears that in order to arrive at the balance, all the transactions were considered. This was necessary. The suit is in equity. The disbursements and applications of money were made by Millner, who had contracted in the first instance with the owners, while the contract of appellee was secondary. The contract to be performed to entitle either Millner or appellee to the share of the property was that made by Millner. The costs, ex-

penses and disbursements were peculiarly within the knowledge of Millner.

In the reply of appellee it is alleged: "Plaintiff further alleges that there has never been an accounting between himself and said Millner to ascertain the amount of said expenses required for the obtaining of patents for said mining claims; that said Millner has never presented to him the amount of such expenses or payments made by him towards the same, or of the amounts still due upon the same.

"Plaintiff alleges upon such an accounting it will appear that he has fully paid all of said expenses, but if from such an accounting there shall appear to be anything remaining still due from plaintiff on account of such expenses this plaintiff is ready, willing, and offers to pay such sum as may be found due from him."

Here is a positive averment of appellee's want of knowledge, and of the failure of Millner to supply it, and an accounting asked, and a direct offer to pay any balance that may be found due upon such accounting. An account was taken. The sum of $60.55 was found due the defendant, Millner, and its payment decreed. Upon the payment defendants were decreed to make the conveyance.

"It is a general rule that no person but a plaintiff can entitle himself to a decree. But in bills for an account if a balance is ultimately found in favor of the defendant, he is entitled to a decree for such balance against the plaintiff." 1 Story's Eq. Juris. § 522.

In all cases of this character, when an accounting is asked to determine the rights of the parties, and an offer made to pay what, if anything, may be due, the offer is regarded as performance. Under these circumstances it certainly would be inequitable to declare a forfeiture of the interest of appellee, when such forfeiture could be worked by Millner in the application of the money received, and an accounting was necessary from him to ascertain if anything remained unpaid.

The only other question presented for review is the suffi-

ciency of the evidence to sustain the decree.   The testimony is very voluminous, and upon some important points, conflicting and contradictory.   We have examined it very carefully and conclude that the decree must be affirmed.   It is not enough that this court should differ in judgment from the court below as to the preponderance of evidence upon reading the transcript, nor that upon such reading, it would be inclined to enter a different decree.   The witnesses are personally before the trial court, which has far greater opportunity of justly determining their credibility than this court can have.   We can only reverse when, first, there is an absolute want of evidence to sustain the decree; second, when the decree is so manifestly against the weight of evidence as to show it to be the result of bias or prejudice. This rule has been so often asserted in both the supreme court and in this court that citations of the different decisions are wholly unnecessary.   This case does not come within either of the above exceptions to the rule.   It might seem to a court of review that, upon some questions, the decree was against the weight of the evidence, but it cannot be said to be without testimony to support it.   In cases of this kind where the evidence is not only conflicting, but the statements of witnesses diametrically opposed, the result must depend in a great measure upon the credit given the witnesses respectively.   This court has no opportunity to judge of individual credibility.

These being the only questions for review, the judgment of the district court must be affirmed.

*Affirmed.*